GEORGE W. ALLISON, PLAINTIFF-APPELLANT, v. PATRICK
J. BANNON AND SPRATT'S PATENT, LTD., A CORPORA-
TION, DEFENDANTS-RESPONDENTS.

Argued October 23, 1941—Decided January 29, 1942.

For the plaintiff-appellant, *Milton T. Lasher.*

For the defendants-respondents, *Winne & Banta (John A. Christie,* of counsel).

The opinion of the court was delivered by

HAGUE, J.   This is an appeal from a judgment for the defendants entered in the New Jersey Supreme Court on a jury verdict of no cause for action in the Supreme Court, Bergen Circuit.

The gravamen of the action was the negligent operation of a motor truck owned by the defendant Spratt's Patent, Ltd., and driven by its servant and agent, the defendant Patrick J. Bannon.   One of the defenses raised by the defendants was contributory negligence.

The first six grounds of appeal are based on the refusal of the trial judge to permit certain testimony of Anna M. Vohl, called by the plaintiff as a witness in rebuttal of testimony previously given by the defense witnesses, Bannon and Johnson.

The next five grounds of appeal are based on the action of the trial court in striking out five interrogatories prepared by the plaintiff.

The plaintiff's proof tended to show that on November 27th, 1939, plaintiff was driving his automobile in a northerly direction along Hackensack Avenue in the City of Hackensack, New Jersey. It was about noon, on a clear day, and as he came near the intersection of Temple Avenue the defendant's truck, also traveling in a northerly direction, came alongside the plaintiff from the rear, on the right, struck his right front wheel so that plaintiff lost control of the car, with the result that the plaintiff's car was seriously damaged by collision with a telegraph pole at the northwest corner of the intersection whereby, in addition to the property damage, the plaintiff suffered severe personal injuries.

The defendants' proof tended to establish that Bannon, the operator of the truck, intending to turn out of Hackensack Avenue and into Temple Avenue toward the left, drove his vehicle toward the center of the highway, slowed down, and that the plaintiff's car coming from behind, passed him on the left or westerly side and thereafter collided with the pole.

The argument is made under two headings, first, that the rulings of the trial court sustaining objections to the questions asked of the witness, Anna M. Vohl, and, second, striking out of the five interrogatories, amounted to legal error. It is not necessary to set out the questions in detail. It is enough to say that each of the questions addressed to Mrs. Vohl to rebut testimony of the witness, Bannon, was not of the rebuttal character. Evidence in rebuttal should not include cumulative evidence or a repetition of that which was put into the record on the main case but is rather that which challenges or contradicts the testimony produced for the defense, which is new matter. It should meet new facts. *Wigmore on Evidence,* § 1873. The questions asked of this witness were, in the main, repetitious and the court, in the exercise of its discretion, was justified in excluding the questions. *McKernan* v. *Commonwealth Trust Co.,* 120 *N. J. L.* 345, 358; *affirmed,* 121 *Id.* 539; *Rein* v. *Travelers Insurance Co.,* 124 *Id.* 554. The admission of the rebuttal evidence was

entirely within the discretion of the trial judge. *Minard* v. *West Jersey and Seashore Railway Co.*, 74 *Id.* 39.

As to the second point, the interrogatories that were excluded prior to the trial inquired about whether the operator of the defendant's truck observed the plaintiff's car prior to the impact and whether Bannon, if he did observe the car, applied the brakes, &c., and, further, if he did observe the plaintiff, the question was asked as to how he operated his truck thereafter; the rate of speed at which Bannon operated the truck at the time and just how far away from the right-hand curb of Hackensack Avenue was the defendant's truck when it was 100 feet from the Temple Avenue intersection and again at the 25 feet. These questions were not at all necessary to make out negligence but rather seem to be addressed to matters of defense. Interrogatories should relate to the case of the party presenting them and should not be used for the mere purpose of prying into the case of his adversary. *Wolters* v. *Fidelity Trust Co.*, 65 *N. J. L.* 130; *Watkins* v. *Cope*, 84 *Id.* 143.

From the record in the case it is clear that the very matters about which interrogatories were propounded were well known to the plaintiff. The witnesses for the plaintiff in their testimony so indicate.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.